UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| FIT TECH, INC., PLANET FITNESS CENTER, INC., PLANET FITNESS CENTER OF MAINE, INC., PLANET FITNESS CENTER OF DARTMOUTH, INC., PLANET FITNESS CENTER OF SALEM, INC., PLANET FITNESS CENTER OF BRIGHTON, INC., STRATFORD FITNESS CENTER, INC., DAVID B. LAIRD and SCOTT G. BAKER, | ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 05-10471-MEL |
| vs. | ) ) | |
| BALLY TOTAL FITNESS HOLDING CORPORATION, HOLIDAY UNIVERSAL, INC., PAUL TOBACK, LEE HILLMAN, and JOHN DWYER, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## (~~PROPOSED~~) JOINT SCHEDULING ORDER

In accordance with the Court's Order following the July 13, 2005 status conference, Plaintiffs Fit Tech, Inc. et al.[1] and Defendants Bally Total Fitness Holding Corporation, Holiday Universal, Inc., Paul Toback, Lee Hillman and John Dwyer (collectively, "Defendants") respectfully submit this proposed Joint Scheduling Order for continued proceedings in this matter.[2]

---

[1] Plaintiffs include Fit Tech, Inc., Planet Fitness Center, Inc , Planet Fitness Center of Maine, Inc , Planet Fitness Center of Dartmouth, Inc , Planet Fitness Center of Salem, Inc , Planet Fitness Center of Brighton, Inc , Stratford Fitness Center, Inc , David B Laird and Scott G. Baker.

[2] The individual defendants join in this submission without prejudice to their objection to the exercise of personal jurisdiction, which objection each plans to raise at the first opportunity as directed by the Court

As the Court knows, this case has allegations in common with nine consolidated purported class action cases pending in Chicago before Judge Grady in the United States District Court for the Northern District of Illinois as well as with other, similar, purported class action, individual and derivative cases pending in various federal and state courts. This Court has already corresponded with Judge Grady and responded favorably to Judge Grady's suggestion that there be coordination among all of the cases.[3] The Chicago cases are currently stayed because the parties in the various cases have all agreed that it is important to have Bally's restated financial statements before moving forward with litigation. Accordingly, the parties have agreed to, and Judge Grady has endorsed, a litigation schedule that is timed from Bally's issuance of its restated financial statements as follows: [4]

- Plaintiffs to file Amended Complaint 60 days after Restatement[5]

- Defendants' motions to dismiss due 60 days after Amended Complaint

- Plaintiffs' oppositions to motions to dismiss due 60 days after motions filed

- Defendants' replies to oppositions due 30 days after oppositions filed

Order dated May 23, 2005 (Grady, J) ¶¶3-4 ("Order"), a copy of which is attached hereto.

The parties in this case have similarly agreed that it serves their interests as well as the interests of judicial economy to wait for Bally's restatement before proceeding

---

[3] Judge Grady has already specifically instructed the parties in the Chicago cases "to use their best efforts to coordinate relevant discovery in this case with any discovery that takes place" in the other, similar cases, including this case. Order ¶5.

[4] The anticipated date for the issuance of Bally's restated financial statements is October 31, 2005.

[5] Defendants reserve all their arguments for dismissal, including, without limitation, that the Plaintiffs' filing of this action was procedurally improper due to the existence of the prior-pending, related action, Fit Tech, Inc. et al v. Bally Total Fitness et al, 2003-10295-MEL ("the 2003 Action").

with the litigation. Accordingly, the parties propose that this Court set the same schedule in this case as the set by Judge Grady in the Chicago cases with one exception, discussed below.

As the Defendants explained at the July 13, 2005 status conference, the three individual defendants named in this case, Paul Toback, Lee Hillman and John Dwyer, expect to file motions to dismiss the claims based on several grounds, including, but not limited to, the lack of personal jurisdiction. The parties propose that the parts of the motions to dismiss that are based on the lack of personal jurisdiction be briefed on an earlier schedule than the other parts of the motions to dismiss raising other procedural and substantive deficiencies in the First Amended Complaint or any subsequent amended complaint.[6] This would allow the Court to rule on the jurisdictional aspects of the motions at the outset, and would allow the individual defendants to avoid the cost of briefing the remaining procedural and substantive issues raised by Plaintiffs' First Amended Complaint if they are successful. The parties, therefore, propose the following schedule for the parts of any motions to dismiss based upon lack of personal jurisdiction:

| | |
|---|---|
| Defendants' moving papers due | November 30, 2005 |
| Oppositions filed | January 10, 2006 |
| Replies Filed | January 31, 2005 |

Finally, the parties propose that following motion practice and the Court's ruling on all motions to dismiss, to the extent that there remain any claims in the First Amended

---

[6] The parties understand that under Fed. R. Civ. P. 12(g) all grounds for dismissal would ordinarily be submitted in a single document. In light of the circumstances of this case, the parties request the Court's approval for the above schedule and request that the Court order that filings by the individual defendants based on the lack of personal jurisdiction will not preclude the individual defendants from submitting additional papers briefing other grounds for dismissal in accordance with the schedule set forth in this submission.

Complaint or any subsequent amendment, the Court hold a scheduling conference to consider the various parties' positions on consolidation of some or all of the remaining claims with the 2003 Action and to set a discovery schedule for all remaining claims.

Respectfully submitted,

Plaintiffs,
FIT TECH, INC., et al.
By their attorneys,

Defendants,
BALLY TOTAL FITNESS
HOLDING CORPORATION and
HOLIDAY UNIVERSAL, INC., and
JOHN H.WILDMAN,
By their attorneys,

/s/ Stephen W. Rider
Stephen W. Rider
Stephen W. Rider P.C.
350 Lincoln Place Ste 2400
Hingham, MA 02043
(781) 740-1289

/s/ Heidi A. Nadel
Howard M. Cooper (BBO #543842)
Juliet A. Davison (BBO #562289)
Heidi A. Nadel (BBO #641617)
Todd & Weld LLP
28 State Street, 31st Floor
Boston, MA  02109
(617) 720-2626

LEE HILLMAN and JOHN DWYER,
By their attorney,

/s/ Richard M. Gelb
Richard M. Gelb (BBO #188240)
Robert S. Messinger (BBO #651396)
Gelb & Gelb LLP
617-345-0010
20 Custom House Street
Boston MA 02110

Dated: August 15, 2005

So Ordered: _____

Lasker, J.
United States District Court    8/16/05/

4

*CJ*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|                                                    |   |                     |
|----------------------------------------------------|---|---------------------|
|                                                    | ) | No. 04 C 3530       |
| IN RE BALLY TOTAL FITNESS                          | ) |                     |
| SECURITIES LITIGATION                              | ) | Judge John F. Grady |
|                                                    | ) |                     |

### ORDER

Having conducted a status hearing on May 4, 2005 at which Plaintiff's Counsel and Defendants' Counsel in both the above-captioned consolidated securities case and in Said v. Toback, et. al, 05 C 1981, the derivative action pending before Judge Norgle, appeared, having considered Cosmos Investment Company, LLC's ("Cosmos") Memorandum of Law in Further Support of Lead Plaintiff's Motion for Approval of Selection of Lead Counsel, and the agreement of the parties in the above-captioned action,

**IT IS HEREBY ORDERED THAT:**

1.      Sherrie R. Savett of Berger & Montague, P.C. is appointed Lead Counsel on behalf of Lead Plaintiff Cosmos and the putative class, and Carol V. Gilden of Much Shelist Freed Denenberg Ament & Rubenstein, P.C. is appointed Local Counsel. Additional attorneys from Berger & Montague working on the case will be Douglas Risen and Jeffrey Osterwise. Additional attorneys from Much Shelist working on the case will be Conor R. Crowley. Plaintiff's counsel may supplement the list of attorneys working on the case as necessary.

2.      The percentage method for determining attorneys fees of Plaintiff's counsel will be used in the above-captioned case and will be capped at 25%. Notwithstanding the foregoing, the Court reserves the right to determine the appropriate fee at the end of the case.

3.      The Consolidated Amended Complaint will be due 60 days after the date that

Bally Total Fitness Holding Corporation files a Restatement with the SEC.

4.      Responsive pleadings will be due 60 days thereafter. Should motions to dismiss be filed, Plaintiff's opposition will be due 60 days thereafter and Defendants' reply 30 days later.

5.      Following a decision on any motions to dismiss, the parties are instructed to use their best efforts to coordinate relevant discovery in this case with any discovery that takes place in the following actions: *Fit Tech, Inc., et al. v. Bally Total Fitness Holding Corp., et al.*, 05 10471 MEL (D. Mass. filed March 11, 2005); *Garrison et al. v. Bally Total Fitness Holding Corp., et al.*, CV 04 1331 JE, (D. Or. Filed September 17, 2004); *Schachter v. Toback, et al.*, 04 CH 09131 (Circuit Court of Cook County filed June 8, 2004; *Berra v. Toback, et al.*, 04 CH 09132 (Circuit Court of Cook County filed June 8, 2004); and *Said v. Toback, et al.*, 05 C 1981 (N.D. Ill. Filed April 5, 2005).

6.      Attorneys admitted to practice in good standing in any United States District Court are admitted pro hac vice in this litigation.

Date: May 23, 2005

ENTER:

Judge John F. Grady

2