UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

---

FIT TECH, INC., PLANET FITNESS )
CENTER, INC., PLANET FITNESS )
CENTER OF MAINE, INC., PLANET )
FITNESS CENTER OF DARTMOUTH, )
INC., PLANET FITNESS CENTER OF )
SALEM, INC., PLANET FITNESS )
CENTER OF BRIGHTON, INC., )
STRATFORD FITNESS CENTER, INC., )
DAVID B. LAIRD and SCOTT G. )
BAKER, )
    Plaintiffs, )    Civil Action No.
     )    05-10471-MEL
vs. )
     )
BALLY TOTAL FITNESS HOLDING )
CORPORATION, HOLIDAY )
UNIVERSAL, INC., PAUL TOBACK, )
LEE HILLMAN, and JOHN DWYER, )
    Defendants. )

---

### DEFENDANT PAUL TOBACK'S
### MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendant Paul Toback ("Mr. Toback") respectfully submits this Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).[1]

Introduction

This case arises out of an Asset Purchase Agreement (the "Purchase Agreement") dated as of March 15, 2002 pursuant to which defendants Bally Total Fitness Holding Corporation ("Bally") through its subsidiary, defendant Holiday Universal, Inc.

---

[1] Pursuant to the Court's Scheduling Order of August 16, 2005, Mr. Toback's Motion to Dismiss and supporting Memorandum are addressed only to the preliminary and potentially dispositive issue of whether this Court may exercise personal jurisdiction over Mr. Toback. As contemplated by the Scheduling Order, Mr. Toback will present, if necessary, a second motion to dismiss setting forth additional grounds for dismissal, including that the Amended Complaint fails to state any claim against him, at a later date.

("Holiday"), acquired eight "Planet Fitness" health club facilities in New England from plaintiffs David Laird ("Mr. Laird") and Scott Baker ("Mr. Baker") and related entities in exchange for cash and shares of Bally stock. Plaintiffs complain essentially of alleged misrepresentations and/or omissions in certain of Bally's SEC filings for the years 2000 and 2001, that they were wrongfully excluded from managing the clubs during the two-year earn-out period following the closing and that they have not received any earn-out payment as addressed in the Purchase Agreement.

Summary Of Jurisdictional Facts And Argument

This Court should not exercise personal jurisdiction over Mr. Toback, who became Bally's President and Chief Executive Officer almost nine months after the effective date of the Purchase Agreement, and should dismiss him from this action.[2] Mr. Toback, a citizen and resident of Illinois, became Bally's President and Chief Executive Officer on December 11, 2002. *See* Affidavit of Paul Toback ("Toback Aff.") submitted herewith. He has never lived or worked in Massachusetts. Toback Aff. ¶1. He does not vacation here nor does he have any immediate family in the Commonwealth.[3] *Id.*

He did not sign the Purchase Agreement, the officer's certificate delivered at the closing affirming that the representations and warranties in the Purchase Agreement were, in all material respects, true and correct, nor any of the SEC filings referenced in the Purchase Agreement. Toback Aff. ¶4. He did not negotiate any term of the Purchase

---

[2] For the purposes of this motion only, Mr. Toback assumes the truth of the facts alleged in the Amended Complaint – but only to the extent that they do not conflict with his Affidavit. To the extent that conflicts exist, however, plaintiffs cannot rest on the allegations in their Amended Complaint to survive a motion to dismiss; instead, "they must go beyond the pleadings and make affirmative proof." *Cheldea v. H.E. Fortna & Bro., Inc.*, 609 F.2d 1022, 1024 (1st Cir. 1979).

[3] Messrs. Laird and Baker are citizens and residents of Massachusetts. Amended Complaint ¶¶ 8-9. The corporate Plaintiffs are incorporated in Massachusetts and each has its principal place of business in Massachusetts. Amended Complaint ¶¶ 1-9.

2

Agreement. *Id.* ¶3. He did not sell any stock to plaintiffs. He does not recall discussing any term of the Purchase Agreement with Messrs. Laird or Baker, whether in person, by telephone, email or letter prior to the closing, *Id.* ¶4. He does not recall ever sending letters or email correspondence to Mr. Laird or Mr. Baker in Massachusetts (or elsewhere) nor does he recall ever speaking with either of them by telephone in Massachusetts (or elsewhere), in each case prior to the execution of the Purchase Agreement. *Id.* ¶6. Nor is there any allegation in the First Amended Complaint (the "Amended Complaint") that he did any of these things.

Unlike the other individual defendants, the sole allegation against Mr. Toback in the 44-page Amended Complaint is, upon information and belief, that he supposedly "devised and concocted a scheme to inflate Bally's stated earnings through a program that purportedly provided new members with a package of nutritional supplements and fitness training sessions." Amended Complaint ¶94. The Amended Complaint is notably devoid of any factual detail concerning said alleged scheme and, more importantly for purposes of the present motion, fails to allege any nexus between the purported scheme and Massachusetts.

As set forth in the Affidavit of Mr. Toback, the totality of Mr. Toback's contacts with Massachusetts consist of one trip in which he met with Messrs. Laird and Baker and Sandor Feher ("Mr. Feher"), their direct supervisor after the acquisition and, since being named President and CEO of Bally at the end of 2002, about one trip per year to visit the clubs. Toback Aff. ¶¶5 and 7.

As set forth in detail in the accompanying Memorandum, the Court should not exercise personal jurisdiction over Mr. Toback in this action. First, the Massachusetts

3

long-arm statute does not permit the exercise of personal jurisdiction over Mr. Toback because he did not "transact business" in Massachusetts giving rise to this litigation, nor did he cause a tortious injury through "an act or omission in" the Commonwealth. Second, exercising personal jurisdiction over him would not comport with federal due process because Mr. Toback lacks sufficient minimum contacts with Massachusetts.

Conclusion

Because plaintiffs do not allege, and in any event, cannot show either that their cause of action arises from Mr. Toback having transacted business in Massachusetts or that they have suffered a tortious injury caused by an act or omission in Massachusetts, the Massachusetts long-arm statute does not authorize personal jurisdiction over Mr. Toback. Moreover, due process bars application of the statute because Mr. Toback lacks sufficient minimum contacts with Massachusetts to be subject to personal jurisdiction there. For each of these reasons, plaintiffs' claims against Mr. Toback should be dismissed for lack of personal jurisdiction.

As further grounds for this Motion, Mr. Toback relies upon the Memorandum in Support of Paul Toback's Motion to Dismiss for Lack of Personal Jurisdiction, filed herewith.

        Respectfully submitted,

        PAUL TOBACK,

        By his attorneys,

        /s/ Juliet A. Davison
        Howard M. Cooper (BBO #543842)
        Juliet A. Davison (BBO #562289)
        Heidi A. Nadel (BBO #641617)
        Todd & Weld LLP
        28 State Street, 31st Floor
        Boston, MA 02109
        (617) 720-2626

Dated: November 30, 2005