UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIT TECH, INC., PLANET FITNESS CENTER, INC., PLANET FITNESS CENTER OF MAINE, INC., PLANET FITNESS CENTER OF DARTMOUTH, INC., PLANET FITNESS CENTER OF SALEM, INC., PLANET FITNESS CENTER OF BRIGHTON, INC., STRATFORD FITNESS CENTER, INC., DAVID B. LAIRD and SCOTT G. BAKER,<br>　　　Plaintiffs,<br><br>vs.<br><br>BALLY TOTAL FITNESS HOLDING CORPORATION, HOLIDAY UNIVERSAL, INC., PAUL TOBACK, LEE HILLMAN, and JOHN DWYER,<br>　　　Defendants. | Civil Action No.<br>05-10471-MEL |

## AFFIDAVIT OF PAUL TOBACK

Paul Toback, being duly sworn, deposes and states as follows.

1.　　I am a citizen and resident of the State of Illinois. I have never lived or worked in Massachusetts. I do not own or rent any property in Massachusetts. I do not vacation in Massachusetts. I do not have any immediate family that lives in Massachusetts.

2.　　I have been the President and Chief Executive Officer of defendant Bally Total Fitness Holding Corporation ("Bally") since December 11, 2002 when defendant Lee Hillman was terminated from those positions. I became Chairman of Bally on May

21, 2003. Prior to December 11, 2002, I served as Bally's Chief Operating Officer. I have been employed with Bally since 1997.

3.      I was not involved in the negotiation of the Asset Purchase Agreement (the "Purchase Agreement") pursuant to which Bally, through its subsidiary Holiday Universal, Inc. ("Holiday"), agreed to acquire eight "Planet Fitness" health club facilities from plaintiffs David Laird ("Mr. Laird") and/or Scott Baker ("Mr. Baker") and related entities. The Purchase Agreement was executed as of March 15, 2002.

4.      I do not recall ever discussing any term of the Purchase Agreement with Messrs. Laird or Baker, in any manner, whether in person, by telephone, by email or by letter prior to the closing of the acquisition of the "Planet Fitness" clubs. I did not sign the Purchase Agreement nor did I sign the "Certificate of Officer" described in ¶67 of the First Amended Complaint (the "Amended Complaint"). Nor did I sign any of the "Parent Reports" which, are defined in the Purchase Agreement as of March 15, 2002 as:

> (a) the Parent's Annual Report on Form 10-K and Form 10-K/A for the fiscal year ended December 31, 2000; (b) the Parent's Quarterly Reports on Form 10-Q for the quarters ended December 31, 2000, March 31, 2000, June 30, 2001, September 30, 2001; (c) all other forms, reports, statements and documents filed by the Parent [Bally] with the Commission pursuant to the Exchange Act since December 31, 2000; and (d) all reports, statements and other information provided by the Parent to its stockholders since December 31, 2000 . . .

Amended Complaint ¶65. As alleged in the Amended Complaint, the Purchase Agreement states:

> As of their respective dates, the Parent Reports did not contain any untrue statement of a material fact or omit to state a material fact required to be stated therein or necessary to make the statement therein, in the light of the circumstances under which they were made, not misleading.

*Id.*

2

5.    I can only recall one trip to Massachusetts in which I met with Messrs. Laird and Baker and Sandor Feher, who was their direct supervisor after the acquisition. I do not recall whether this trip was before or after the Purchase Agreement was signed. I do not recall discussing any term of the Purchase Agreement with Messrs. Laird or Baker on this trip.

6.    I do not recall ever sending letters or email correspondence to Mr. Laird or Mr. Baker in Massachusetts (or elsewhere) nor do I recall ever speaking with either of them by telephone in Massachusetts (or elsewhere), in each case prior to execution of the Purchase Agreement.

7.    Since moving into the role of Chief Executive Officer and President in December of 2002, I have traveled to Massachusetts about once each year in order to visit the Bally clubs in New England. I have not seen or communicated with Messrs. Laird or Baker on any of these visits.


SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 28TH DAY OF NOVEMBER 2005.

_____
Paul Toback