UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Fit Tech, Inc., Planet Fitness Center, Inc., Planet Fitness Center of Maine, Inc., Planet Fitness Center of Dartmouth, Inc., Planet Fitness Center of Salem, Inc., Planet Fitness Center of Brighton, Inc., Stratford Fitness Center, Inc., David B. Laird and Scott G. Baker, <br><br> Plaintiffs, <br><br> -v- <br><br> Bally Total Fitness Holding Corporation, Holiday Universal, Inc., Paul Toback, Lee Hillman and John Dwyer, <br><br> Defendants. | C.A. No. 05-10471 MEL <br><br> Defendant Lee S. Hillman's Declaration in Support of His Motion to Dismiss for Lack of Personal Jurisdiction |

I, Lee S. Hillman, pursuant to 28 U.S.C. § 1746, state that I have personal knowledge of the facts set forth below and if called to testify would competently testify as follows:

1.  I am, and was at all times relevant to the above-captioned action, a citizen and a resident of the state of Illinois.

2.  I am currently serving as the President of Power Plate North America Inc. and other companies, all of which are unaffiliated with Bally, and all of which are based in Illinois.

3.  From October 1996 until December 2002, I served as President and Chief Executive Officer of Bally Total Fitness Holding Corporation and Bally Total Fitness Corporation ("Bally"), based in Illinois. I served as a Director of Bally until December 2002.

4.  I resigned from Bally in December 2002, after which point in time I have held no positions at, and have had no responsibilities or involvement in the affairs of, Bally.

5.  I was not a party to the Asset Purchase Agreement (the "Purchase Agreement") dated March 15, 2002 among Bally and Holiday Universal, Inc. ("Holiday"), Fit Tech Inc., Planet Fitness Center, Inc., Boston Fitness Center, Inc. Planet Fitness Center of Maine, Inc., Planet Fitness Center of Dartmouth, Inc., Planet Fitness Center of Salem, Inc., Planet Fitness Center of Brighton, Inc., Stratford Fitness Center, Inc., Planet Fitness Center Dartmouth Trust,

Planet Fitness Center Boston Trust, Planet Fitness Brighton Trust, Planet Fitness Medford Trust, Planet Fitness Center Salem Trust, Planet Fitness Center Boston, Planet Fitness Center Brighton, Planet Fitness Dartmouth, Planet Fitness Center Medford, Planet Fitness Center Salem, Boston Fitness Management Co., Inc., Planet Fitness Center Wakefield, Planet Fitness Center Wakefield Trust, David B. Laird, and Scott G. Baker.

6. I did not sign the Purchase Agreement on behalf of Bally, or in my individual capacity, or in any other capacity.

7. I was not involved in the negotiation of the Purchase Agreement. Other officers and employees of Bally and Holiday handled those negotiations.

8. I never traveled to Massachusetts with regard to the Purchase Agreement, before or after it was executed.

9. I have never been inside any of the Fit Tech facilities that are the subject of the Purchase Agreement.

10. I had no involvement whatsoever with regard to the "earn out" calculations under the Purchase Agreement.

11. I was not even aware of the Plaintiffs' initial lawsuit, *Fit Tech, Inc. et al. v. Bally Total Fitness Holding Corp.*, Civil Action No. 03-10295-MEL, until after the filing of the present lawsuit in March 2005.

12. The only instance in which I recall meeting any of the Plaintiffs before the Purchase Agreement was executed was a brief conversation I had with Scott Baker while he was visiting Illinois. To the best of my recollection, I met him, in the presence of several other people, in the office of William Fanelli, who at that time was Bally's Senior Vice President of Finance. On that occasion I spoke briefly with Mr. Baker in a conversation that lasted no more than five minutes.

13. I had no other personal interactions with the Plaintiffs in the above-captioned litigation before the Purchase Agreement was signed and the transaction closed. I recall only one other interaction with any of the Plaintiffs, which took place after the Purchase Agreement was

signed. At that meeting, I briefly spoke with either Scott Baker or David Laird (I do not recall which one), shook his hand, and welcomed him to Bally and to the management meeting he was attending. That encounter lasted less than a couple of minutes, and nothing of substance was discussed. The location of that meeting was in Rosemont, Illinois.

14. I am not, and have never been, a resident or a citizen of the Commonwealth of Massachusetts.

15. I do not own, and have never owned, any real estate in the Commonwealth of Massachusetts.

16. I do not have, and have never appointed, an agent for service of process in the Commonwealth of Massachusetts.

17. I have never initiated a lawsuit in the Commonwealth of Massachusetts.

18. I have never conducted business as an individual in the Commonwealth of Massachusetts.

19. I have never borrowed money or conducted any other personal banking business in the Commonwealth of Massachusetts.

20. I have visited the Commonwealth of Massachusetts for personal and business purposes, including as a representative of Bally, on a number of occasions. None of those visits was related in any way to Plaintiffs or the Purchase Agreement that is the subject of the above-captioned lawsuit. I never communicated with Plaintiffs while in Massachusetts.

21. I declare under penalty of perjury that the foregoing is true and correct. Executed this 28th day of November, 2005.

_____
Lee S. Hillman