IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIT TECH, INC., PLANET FITNESS CENTER, INC., PLANET FITNESS CENTER OF MAINE, INC., PLANET FITNESS CENTER OF DARTMOUTH, INC., PLANET FITNESS CENTER OF SALEM, INC., PLANET FITNESS CENTER OF BRIGHTON, INC., STRATFORD FITNESS CENTER, INC., DAVID B. LAIRD, and SCOTT G. BAKER.<br><br>Plaintiffs.<br><br>vs.<br><br>BALLY TOTAL FITNESS HOLDING CORPORATION, HOLIDAY UNIVERSAL, INC., PAUL TOBACK, LEE HILLMAN, and JOHN DWYER.<br><br>Defendants. | C.A. 05-10471-MEL<br><br>Judge Morris E. Lasker |

## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendant John W. Dwyer, moves that this Honorable Court dismiss the Complaint against him in the above-captioned action pursuant to Fed. R. Civ. P. 12(b)(2) on the basis of lack of personal jurisdiction. In support of his motion, Mr. Dwyer states as follows:

1. Plaintiffs filed the complaint in this case in this Court on the basis of the federal diversity jurisdiction statute, 28 U.S.C. § 1332(a)(1) (2002).

2. Mr. Dwyer is not a resident of Massachusetts. (Declaration of John Dwyer ¶ 2.)

3. "In diversity cases such as this, the district court's personal jurisdiction over a nonresident defendant is governed by the forum state's long-arm statute." *Nowak v. Tak How Investments, Ltd.*, 94 F.3d 708, 711 (1st Cir. 1996).

4. The Massachusetts long-arm statute, Mass. Gen. Laws Ann. ch. 223A, § 3 (West 2005), does not authorize jurisdiction over Mr. Dwyer. And under the Due Process Clause of the Fourteenth Amendment, U.S. Const. amend. 14, § 1, it could not do so: Massachusetts lacks minimum contacts with Mr. Dwyer. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945).

5. In support of his motion, Mr. Dwyer is filing concurrently herewith the Declaration of Defendant John Dwyer in Support of His Motion to Dismiss for Lack of Personal Jurisdiction and Defendant John Dwyer's Memorandum of Law in Support of His Motion to Dismiss for Lack of Personal Jurisdiction.

## REQUEST FOR ORAL ARGUMENT

Mr. Dwyer requests that this Court permit oral argument on this motion.

## LOCAL RULE 7.1 CERTIFICATE

Counsel for Mr. Dwyer certifies that he has conferred with counsel for Plaintiffs and has attempted in good faith to narrow or resolve the issues raised herein.

_____
Howard S. Suskin (admitted pro hac vice)

DEFENDANT JOHN DWYER

By his attorneys,

_____
Howard S. Suskin (admitted pro hac vice)
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
Phone: (312) 923-2604
Fax: (312) 840-7604
Email: hsuskin@jenner.com

2

*[signature]*

_____
Richard M. Gelb (BBO #188240)
Robert S. Messinger (BBO #651396)
GELB & GELB LLP
20 Custom House Street
Boston, MA 02110
Phone: (617) 345-0010
Fax: (617) 345-0009
Email: rgelb@gelbgelb.com
       rmessinger@gelbgelb.com

CERTIFICATE OF SERVICE

       I hereby certify that a true copy of the above document and the accompanying Defendant John Dwyer's Memorandum of Law in Support of His Motion to Dismiss for Lack of Personal Jurisdiction was served by mail on the 30th day of November, 2005 upon the attorney of record for each party having appeared in this case.

_____