## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FIT TECH, INC., PLANET FITNESS CENTER, INC., PLANET FITNESS CENTER OF MAINE, INC., PLANET FITNESS CENTER OF DARTMOUTH, INC., PLANET FITNESS CENTER OF SALEM, INC., PLANET FITNESS CENTER OF BRIGHTON, INC., STRATFORD FITNESS CENTER, INC., DAVID B. LAIRD, and SCOTT G. BAKER. <br><br> Plaintiffs. <br><br> vs. <br><br> BALLY TOTAL FITNESS HOLDING CORPORATION, HOLIDAY UNIVERSAL, INC., PAUL TOBACK, LEE HILLMAN, and JOHN DWYER. <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. 05-10471-MEL <br><br> Judge Morris E. Lasker |

## DECLARATION OF JOHN DWYER IN SUPPORT OF HIS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

I, John W. Dwyer, pursuant to 28 U.S.C. § 1746, state that I have personal knowledge of the facts set forth below and if called to testify would competently testify as follows:

1.    I am a former director, officer, and employee of Bally Total Fitness Holding Corporation ("Bally"). I was elected a director of Bally in August 2001, and continued to be a director until I left Bally in April 2004. I was Bally's Chief Financial Officer from May 1994 until the time I left Bally. In November 1997, I was elected Executive Vice President, a position I also held until I left Bally in April 2004. I have also held various other positions with Bally and related predecessors and subsidiaries since June 1992.

2.     I am currently a resident of Illinois, and have resided in Illinois at all times relevant to the allegations in Plaintiffs' First Amended Complaint.

3.     I have never resided in Massachusetts.

4.     I have never owned or rented real property in Massachusetts. I have never borrowed or lent money in Massachusetts or to Massachusetts residents. I have never conducted any personal business in Massachusetts.

5.     I have traveled to Massachusetts on ten to fifteen occasions and all were during my thirteen year tenure at Bally. On each of those occasions, I traveled to Massachusetts pursuant solely to my employment with Bally and related entities.

6.     I am not individually a party to the Asset Purchase Agreement referenced in Plaintiffs' First Amended Complaint.

7.     None of the negotiations between Bally and the Plaintiffs for the acquisition of Planet Fitness occurred in Massachusetts.

8.     I never directly participated in any of the negotiations over Bally's acquisition of Planet Fitness. My only involvement in the acquisition was in an oversight role in my capacity as Bally's Chief Financial Officer. As part of those duties, I reviewed the Asset Purchase Agreement prior to execution by Bally. In addition, I was present for a brief portion of a meeting between Plaintiffs and Bally that was held in Chicago.

9.     I never traveled to Massachusetts in connection with Bally's negotiation or purchase of Plaintiffs' fitness centers (collectively "Planet Fitness"), nor in connection with any of the other allegations in Plaintiffs' First Amended Complaint.

10.     I do not recall ever personally directing any communications, or instructing anyone else to send communications on my behalf, into Massachusetts, including via telephone, facsimile, postal mail, or electronic mail, in relation to any of the allegations in Plaintiffs' First Amended Complaint.

11.     On behalf of Bally and in my capacity as Bally's Chief Financial Officer, I signed certain of Bally's annual and quarterly reports (Forms 10-K and 10-Q, respectively) filed with the Securities and Exchange Commission ("SEC"). As Chief Financial Officer, I was involved in the preparation and filing of Bally's financial statements filed with the SEC and issued to the financial markets in press releases. The preparation of those financial statements and the conduct related thereto did not take place in Massachusetts. None of Bally's press releases or SEC filings were prepared for the purpose of Bally's acquisition of Planet Fitness or expressly directed to any of the Plaintiffs.

12.     I had no involvement in calculating the "Earn Out Amount" referenced in Plaintiffs' First Amended Complaint.

13.     I had no involvement in any retaliatory conduct against Plaintiffs for filing their initial lawsuit dated February 14, 2003.

14.    I declare under penalty of perjury that the foregoing is true and correct.


Executed this 23 th day of November 2005.

_____
John W. Dwyer

"OFFICIAL SEAL"
ADEBIMPE ADEDIJI
NOTARY PUBLIC STATE OF ILLINOIS
My Commission Expires 06/18/2007

Adebimpe Adeeliji
11/23/2005