UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Fit Tech, Inc., Planet Fitness Center, Inc., Planet Fitness Center of Maine, Inc., Planet Fitness Center of Dartmouth, Inc., Planet Fitness Center of Salem, Inc., Planet Fitness Center of Brighton, Inc., Stratford Fitness Center, Inc., David B. Laird and Scott G. Baker, <br><br> Plaintiffs, <br><br> -v- <br><br> Bally Total Fitness Holding Corporation, Holiday Universal, Inc., Paul Toback, Lee Hillman and John Dwyer, <br><br> Defendants. | C.A. No. 05-10471 MEL |

**LEE S. HILLMAN'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF HIS MOTION TO
<u>DISMISS FOR LACK OF PERSONAL JURISDICTION</u>**

CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, New York 10281
(212) 504-6000

Gelb & Gelb LLP
20 Custom House Street
Boston, Massachusetts 02110
617-345-0010

Attorneys for Defendant Lee S. Hillman

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT .................................................................................................................................3

POINT I       PLAINTIFFS FAIL TO ESTABLISH THAT THIS COURT
HAS PERSONAL JURISDICTION OVER MR. HILLMAN ................................3

      A.    Plaintiffs Do Not Establish that the Court Has Jurisdiction
over Mr. Hillman under the Massachusetts Long-Arm Statute ..............................4

      B.    Plaintiffs Fail to Establish that this Court has Personal
Jurisdiction Over Mr. Hillman Under The U.S. Constitution..................................7

      C.    The Allegations in the Laird Affidavit Are Not Competent Evidence and
Are Insufficient to Establish a Prima Facie Showing of Personal Jurisdiction .......8

POINT II      PLAINTIFFS' REQUEST FOR
JURISDICTIONAL DISCOVERY SHOULD BE DENIED ................................10

CONCLUSION ............................................................................................................................12

# TABLE OF AUTHORITIES

## Cases

*American Express Int'l v. Mendez-Capellan*, 889 F.2d 1175 (1st Cir. 1989)..................8

*Barret v. Lombardi*, 239 F.3d 23 (1st Cir. 2001)..........................................................10

*Boit v. Gar-Tec Prods, Inc.*, 967 F.2d 671 (1st Cir. 1992) ........................................... 8-9

*Burtner v. Burnham*, 13 Mass. App. Ct. 158, 430 N.E.2d 1233 (Mass. App. Ct. 1982) .................5

*Ealing Corp. v. Harrods, Ltd.*, 790 F.2d 978 (1st Cir. 1986) ....................................... 4-5

*Garrison v. Bally Total Fitness Holding Corp.*, 2005 WL 3143105 (D. Ore. Nov. 23, 2005)........7

*Garside v Osco Drug, Inc.,* 895 F.2d 46 (1st Cir. 1990) ................................................10

*Gomez v. Rodriguez,* 344 F.3d 103 (1st Cir. 2003)..........................................................9

*Intech, Inc. v. Triple "C" Marine Salvage, Inc.*, 444 Mass. 122, 826 N.E.2d 194 (2005)..............6

*Interface Group-Mass. LLC v. Rosen*, 256 F. Supp. 2d 103 (D. Mass 2003)................7

*JMTR Enter., LLC v. Duchin*, 42 F. Supp. 2d 87 (D. Mass. 1999)...............................5, 8

*Lyle Richards Int'l Ltd. v. Ashworth, Inc.*, 132 F.3d 111 (1st Cir. 1997) .........................6

*Madsen v. Erwin*, 481 N.E.2d 1160 (1985) ................................................................ 9-10

*Milford Power Ltd. P'ship v. New England Power Co.*, 918 F. Supp. 471 (D. Mass. 1996)..........9

*Murphy v. Erwin-Wasey, Inc.*, 460 F.2d 661 (1st Cir. 1972)......................................... 4-6

*Sabel v. Mead Johnson,* 737 F. Supp. 135 (D. Mass.. 1990).............................................9

*Schaefer v. Cybergraphics Sys. Inc.*, 886 F. Supp. 921 (D. Mass. 1994) ........................9

*Sheinkopf v. Stone*, 927 F.2d. 1259 (1st Cir. 1991) ..................................................... 8-9

*The Gentle Wind Project v. Garvey*, 2005 WL 40064 (D. Me. Jan. 10, 2005).............11

*U.S. v. Swiss American Bank, Ltd.*, 274 F.3d 610 (1st Cir. 2001) .................................11

*Whittacker  Corp. v. United Aircraft Corp.*, 482 F.2d 1079 (1st Cir. 1983)....................5

## **Statutes and Rules**

Fed. R. Civ. P. 12(b)(2)..........................................................................................................1

Fed. R. Civ. P. 56(e) .............................................................................................................8

Fed. R. Evid. 801(c)..............................................................................................................9

Fed. R. Evid. 801(d)(2)(D) ...................................................................................................9

Mass. Gen. Laws Ann. ch. 223A, § 3 (2005)............................................................... *passim*

## **Other Authority**

*Black's Law Dictionary* 394 (8th Ed.) ..................................................................................9

Defendant Lee S. Hillman respectfully submits this reply memorandum of law in further support of his motion to dismiss the First Amended Complaint (the "FAC") for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).[1]

## PRELIMINARY STATEMENT

Plaintiffs' Opposition to All Individual Defendants' Motions to Dismiss ("Plaintiffs' Response") confirms that the FAC should be dismissed against Mr. Hillman. Plaintiffs ignore, and therefore concede, most of the arguments in Mr. Hillman's Memorandum of Law in Support of his Motion to Dismiss for Lack of Personal Jurisdiction ("Opening Brief" or "Op. Br."). The only authorities Plaintiffs cite are cases in which defendants made false statements in, or sent false statements into, Massachusetts. These cases are irrelevant because Mr. Hillman did not make false statements in Massachusetts or send such statements into Massachusetts. Indeed, Plaintiffs concede that the only contact Mr. Hillman had with the plaintiffs took place in *Illinois*. In short, Plaintiffs' Response establishes that Plaintiffs are unable to allege any facts that would satisfy their burden of making a prima facie showing of personal jurisdiction over Mr. Hillman.

This lawsuit relates to the Purchase Agreement between Plaintiffs and Bally and to events surrounding the calculation of the Earn-Out Amount which took place long after Mr. Hillman had left Bally. Mr. Hillman served as President and Chief Financial Officer of Bally at the time the purchase agreement was entered into, but he did not negotiate or sign the agreement. Even crediting Plaintiffs' allegations, Mr. Hillman's contacts with Plaintiffs with regard to the Purchase Agreement are limited to two encounters that took place in Chicago, Illinois, not Massachusetts. Plaintiffs assert that Mr. Hillman may have visited the fitness clubs at issue, but this assertion is inadmissible hearsay that is not based personal knowledge, and it is contradicted by the affidavit submitted by Mr. Hillman along with his Opening Brief, which affidavit is based on personal knowledge and is competent evidence.

---

[1] This submission addresses jurisdictional issues and is the first part of Mr. Hillman's motion to dismiss pursuant to a scheduling order signed by this Court on August 16, 2005 (the "Joint Scheduling Order"). Additional grounds for dismissal will be set forth in a later submission, if necessary.

As established in Mr. Hillman's Opening Brief, Plaintiffs bear the burden of showing that the Court has the authority to exercise personal jurisdiction over Mr. Hillman. Plaintiffs must go beyond the pleadings and make affirmative proof of facts that satisfy the requirements of Massachusetts's long-arm statute *and* the due process clause of the United States Constitution. Even if the Court were to accept the evidentiary proffers in the affidavit of Plaintiff David B. Laird (the "Laird Affidavit" or "Laird Aff."), Plaintiffs do not meet their burden of making a prima facie showing that the Court has personal jurisdiction over Mr. Hillman under the Massachusetts long-arm statute (Point I.A. below) or under the due process clause of the U.S. Constitution (see Point I.B. below). Furthermore, much of the Laird Affidavit is not competent evidence and should not be considered by the Court. See Point I.C. below. Thus, this Court does not have jurisdiction over Mr. Hillman pursuant to either the Massachusetts long-arm statute or the due process clause of the U.S. Constitution, and the complaint against him should be dismissed.

Plaintiffs also request jurisdictional discovery for the first time in their Response, despite the fact that Plaintiffs have known for six months that Mr. Hillman would be moving to dismiss the complaint for lack of personal jurisdiction. The parties discussed the individuals defendants intention to move for dismissal on this basis at the July 13, 2005 status conference before this Court and subsequently agreed on the schedule for briefing personal jurisdiction separate from other grounds as reflected in the stipulation and order signed by the Court on August 16, 2005. Additionally, nothing that Plaintiffs have alleged so far with regard to Mr. Hillman suggests that jurisdictional discovery would be fruitful. For these reasons, Plaintiffs' request for leave to take jurisdictional discovery should be denied. See Point II below.

## ARGUMENT

### POINT I

**PLAINTIFFS FAIL TO ESTABLISH THAT THIS COURT
HAS PERSONAL JURISDICTION OVER MR. HILLMAN**

Mr. Hillman established in his Opening Brief that this Court does not have personal jurisdiction over him under either the Massachusetts long-arm statute or the due process clause of the United States Constitution. Op. Br. at 9-18. Instead of refuting Mr. Hillman's legal arguments, Plaintiffs' make new allegations, proffered through the Laird Affidavit, that they claim provide a prima facie showing of personal jurisdiction over Mr. Hillman:

- Mr. Hillman attended an October 2001 meeting *in Chicago*. Laird Aff. ¶ 29. Mr. Laird claims that Mr. Hillman was "present during much of the discussion and negotiations" and that "because of both his presence and his comments, [Mr. Laird] concluded that [Mr. Hillman] was familiar with the transaction and the terms of sale." Id. Mr. Laird attests in his affidavit that not all of the individuals at this meeting participated in the entire meeting and that it was Mr. Toback, not Mr. Hillman, who ran the meeting. Laird Aff. ¶ 13.

- Mr. Hillman attended a March 2002 meeting, again in Chicago, shortly before the Purchase Agreement was signed. Laird Aff. ¶ 16, 29. It was at this meeting that (according to the FAC) Plaintiff Scott G. Baker "confronted" Mr. Hillman regarding Bally's stock value. Laird Aff. ¶ 33, FAC ¶ 62. Again, Mr. Laird acknowledges in his affidavit that this meeting was run by Mr. Toback and not Mr. Hillman. Laird Aff. ¶ 16.

- Mr. Laird claims that he was told by Bally employees Mr. Dolski, Mr. Massimino and Mr. Fanelli that Mr. Hillman had visited the Planet Fitness clubs while in Massachusetts." Laird Aff. ¶ 31.

- Mr. Laird claims that "as CEO and President, Mr. Hillman was substantially involved in the preparation of dissemination of the various financial statements and SEC filings. Laird Aff. ¶ 32.[2]

Even if these allegations in the Laird Affidavit were competent – and at least some of them are not (see Point I.C. below) – they are not sufficient to make a prima facie showing that this Court has personal jurisdiction over Mr. Hillman. Accordingly, the FAC should be dismissed as against Mr. Hillman in its entirety.

---

[2] Plaintiffs also attach documentary evidence to the Laird Affidavit, but none of the documents relate to Mr. Hillman in any way.

3

A. **Plaintiffs Do Not Establish that the Court Has Jurisdiction
over Mr. Hillman under the Massachusetts Long-Arm Statute**

Mr. Hillman established in his Opening Brief that the exercise of personal jurisdiction over him would be inappropriate because the Massachusetts long-arm statute does not provide for such jurisdiction. Op. Br. 9-12. While Plaintiffs fail to indicate which specific provision of the Massachusetts long-arm statute they contend confers this Court with jurisdiction over Mr. Hillman, it appears that Plaintiffs are relying on Section 3(c), which provides that Massachusetts has jurisdiction over persons who engage in "tortious conduct within the commonwealth." Plaintiffs claim that Mr. Hillman's conduct falls under a line of cases that hold that "[w]here a defendant knowingly sends into a state a false statement, intending that it should there be relied upon to the injury of a resident of that state, he has, for jurisdictional purposes, acted within that state." *Murphy v. Erwin-Wasey, Inc.*, 460 F.2d 661, 664 (1st Cir. 1972). As Mr. Hillman demonstrated in his opening brief, however, Section 3(c) of the Massachusetts long-arm statute does not confer jurisdiction on Mr. Hillman. Op. Br. 11-12.

The facts in the cases Plaintiffs claim provide this Court with jurisdiction are clearly distinguishable from the facts present here. Those cases involve alleged fraudulent misrepresentations that were either made by the defendant or his agent in Massachusetts or delivered into Massachusetts by the defendant "via mail or other communication networks." *Ealing Corp. v. Harrods, Ltd.*, 790 F.2d 978, 982 (1st Cir. 1986) (finding that where the alleged misrepresentation was sent into Massachusetts via telex, the District Court had jurisdiction under Section 3(c)). For example, in *Murphy*, the First Circuit found that the Massachusetts district court had jurisdiction over the out-of-state defendant because Plaintiff had adequately alleged that the defendant had made false statements to him by letter and telephone. *Murphy*, 460 F.2d 661, 664. In so finding, the court first noted that Section 3(c) "is intended to apply only when the act causing the injury occurs within the Commonwealth." *Id.* The First Circuit noted that to give subsection (c) any broader meaning would render subsection (d) of the long-arm statute, which provides for jurisdiction for tortious conduct outside the state when the acting party regularly does business in Massachusetts, a nullity. *Id.* The First Circuit decided that it was

4

appropriate to confer jurisdiction pursuant to Section 3(c) when the defendant makes a false statement outside Massachusetts but knowingly delivers that statement into Massachusetts with the intention that it be relied upon there to the injury of a resident of the state, likening such delivery to a hypothetical gunman firing bullets across state lines. *Id.* In such circumstances, the First Circuit reasoned, the defendant could be seen as availing himself "of the privilege of conducting activities" in Massachusetts. *Id; see also Whittacker Corp. v. United Aircraft Corp.*, 482 F.2d 1079, 1084 (1st Cir. 1983) (finding jurisdiction under the transacting business prong of the long-arm statute and finding and independent basis for jurisdiction pursuant to Section 3(c) of the long-arm statute based on a misrepresentation actually made in Massachusetts); *JMTR Enter., LLC v. Duchin*, 42 F. Supp. 2d 87, 95-97 (D. Mass. 1999) (more than 100 communications, which were "instrumental to the formation of" the contract at issue, "via telephone, mail, electronic mail, and facsimile" to the plaintiffs in Massachusetts conferred personal jurisdiction pursuant to Section 3(a) of the long-arm statute); *Burtner v. Burnham*, 13 Mass. App. Ct. 158, 163-64, 430 N.E.2d 1233, 1236-37 (Mass. App. Ct. 1982) (alleged misrepresentations by mail and telephone into Massachusetts were sufficient to confer jurisdiction under Section 3(c) of the long-arm statute). The facts here do not fit this line of cases. Plaintiffs make no allegation that Mr. Hillman made any misrepresentation in Massachusetts or that he delivered any misrepresentation into Massachusetts.

      Even if the Laird Affidavit's allegations are fully credited, Plaintiffs fail to demonstrate that the *Ealing Corp.* line of cases confer jurisdiction on Mr. Hillman because the crucial element of the delivery of the alleged misstatement is lacking. Plaintiffs make no allegation that Mr. Hillman made a single phone call or sent a single facsimile, email or letter to Plaintiffs in Massachusetts, much less that he used such "communication networks" to make any alleged misrepresentations. The only contact Plaintiffs claim to have had with Mr. Hillman took place in Chicago when Mr. Baker confronted him regarding the value of Bally's stock. *See* FAC ¶ 62, Laird Aff. ¶ 33. But under the Massachusetts long-arm statute, misrepresentations made outside Massachusetts and not sent into Massachusetts do not confer jurisdiction. *See Murphy*, 460 F.3d

5

at 664 ("Section 3(c) is only intended to apply when the act causing the injury occurs *within* the Commonwealth") (emphasis added).  Mr. Hillman's statements in Chicago are not enough to make a prima facie showing of jurisdiction under the Massachusetts long-arm statute.

Plaintiffs do not refute and therefore concede that this Court does not have jurisdiction over Mr. Hillman under Section 3(a) of the Massachusetts long arm statute, which confers jurisdiction over persons who have "transact[ed] business" in Massachusetts.  Indeed, the facts alleged by Plaintiffs do not support such a conclusion.  Even if Mr. Hillman has visited Plaintiffs' clubs in Massachusetts, as the Laird Affidavit suggests, Plaintiffs' can point to no injury arising from Mr. Hillman's alleged visit.  Nor do they allege that he made any misstatement during the alleged visit.  Indeed, Plaintiffs fail to explain the relevance of Mr. Hillman's alleged visit to the Plaintiffs' clubs to the Purchase Agreement or to the causes of action they have asserted against Mr. Hillman.  *Lyle Richards Int'l Ltd. v. Ashworth, Inc.*, 132 F.3d 111, 113 (1st Cir. 1997) (holding that activities unilaterally undertaken by the parties in Massachusetts that were extraneous to the transaction at issue did not give rise to jurisdiction under the transacting business prong of the Massachusetts long-arm statute).  Accordingly, Mr. Hillman's alleged visit does not confer this Court with jurisdiction over Mr. Hillman.

Plaintiffs also fail to establish a prima facie showing of jurisdiction over Mr. Hillman under the Massachusetts long-arm statute by virtue of his alleged participation in, and his signing of, Bally's financial statements.  Plaintiffs point to no cases that hold that the preparation of public filings confer jurisdiction on the officer of a corporation.  Indeed, as Mr. Hillman demonstrated in his Opening Brief, where a communication is not purposefully directed to the Commonwealth, but rather to the public at large, that communication cannot serve as a basis for jurisdiction.  *See* Op. Br. 10 n.5 & 12 n.7; *Intech, Inc. v. Triple "C" Marine Salvage, Inc.*, 444 Mass. 122, 126-27, 826 N.E.2d 194, 198 (2005) (declining to confer jurisdiction over defendant under Section 3(a) of the Massachusetts long-arm statute based on the fact that the defendant advertised in a national magazine, sent communications into Massachusetts and sold products to a Massachusetts purchaser).  Plaintiffs accordingly fail to make a prima facie showing of

6

jurisdiction over Mr. Hillman under the Massachusetts long-arm statute and the claims against him should be dismissed.[3]

**B.    Plaintiffs Fail to Establish that this Court has Personal Jurisdiction Over Mr. Hillman Under The U.S. Constitution**

As established in his Opening Brief, the exercise of personal jurisdiction over Mr. Hillman is also precluded by the due process clause in the U.S. Constitution.  Plaintiffs fail to dispute, and therefore concede that this Court does not have general jurisdiction over Mr. Hillman under the due process clause of the Constitution.  Op. Br. 13-14.

Plaintiffs also fail to address Mr. Hillman's argument that Plaintiffs cannot satisfy any prong of the First Circuit's three-part test for determining whether sufficient "minimum contacts" exist to establish specific jurisdiction.  Op. Br. 14.  None of the allegations in the Laird Affidavit change the analysis under the due process clause in Hillman's Opening Brief.

Specifically, Mr. Hillman established in his Opening Brief that this lawsuit does not arise out of, or relate to, Mr. Hillman's activities in Massachusetts because Mr. Hillman was not a party to and did not sign the Purchase Agreement at issue in this litigation, and he left Bally long before any of the activities relating to the calculation of the Earn-Out Amount took place.  Op. Br. 14-16.  Even assuming for the sake of argument that each allegation in the Laird Affidavit is true, Mr. Hillman's activities in Massachusetts, or directed to Massachusetts are still "attenuated and indirect" and cannot serve as a basis for jurisdiction.  *Interface Group-Mass. LLC v. Rosen*, 256 F. Supp. 2d 103, 108 (D. Mass 2003).  Plaintiffs only allege that they met with Mr. Hillman

---

[3] Plaintiffs point to *Garrison v. Bally Total Fitness Holding Corp.*, 2005 WL 3143105 (D. Ore. Nov. 23, 2005), but that decision is irrelevant.  That opinion addressed the Oregon long-arm statute, not the Massachusetts statute.  It addressed the individual defendants' contacts with Oregon, not their contacts with Massachusetts.  Furthermore, most significant, the contacts with Oregon that were at issue in *Garrison* were much more extensive.  For example, the Magistrate Judge in the Oregon case indicated in his Findings and Recommendation (which the District Court adopted in its opinion, 2005 WL 3143105, at *3) that Mr. Hillman signed an officer's certificate and provided it to the Oregon plaintiffs, that he traveled to Oregon six times to conduct business for Bally, and that he made two visits to Oregon to negotiate with the Oregon plaintiffs.  *See* Findings and Recommendation at 6-7, 21-22 (attached hereto as Exhibit A).  In contrast, Mr. Hillman had no similar contacts with Massachusetts or the plaintiffs in this case.

7

twice *in Chicago* and that he appeared to "be familiar" with the Purchase Agreement transaction. They do not point to any communications by Mr. Hillman into Massachusetts. The only contact that Plaintiffs claim that Mr. Hillman had with Massachusetts is the alleged visit to Plaintiffs' clubs. Plaintiffs do not allege, however, that they suffered any injury as a result of that alleged visit. Indeed, Plaintiffs do not allege to even have spoken to Mr. Hillman during this alleged visit. The allegations in the Laird Affidavit, even if true, do not change the fact that Mr. Hillman's activities in Massachusetts were virtually non-existent and therefore Plaintiffs claims cannot be said to have arisen out of such activities.[4]

C.  **The Allegations in the Laird Affidavit Are Not Competent Evidence and Are Insufficient to Establish a Prima Facie Showing of Personal Jurisdiction**

Moreover, the allegations in the Laird Affidavit should not be credited. Mr. Laird's allegations concerning Mr. Hillman are insufficient evidence to make a *prima facie* showing of jurisdiction because (i) they are hearsay and (ii) they were made upon mere belief, and not the personal knowledge of Mr. Laird. *See* Laird Aff. ¶¶ 29-31, *Boit v. Gar-Tec Prods, Inc.*, 967 F.2d 671, 675 (1st Cir. 1992) (court may only accept "properly supported" evidence when deciding whether a *prima facie* showing of personal jurisdiction has been established); *Sheinkopf v. Stone*, 927 F.2d. 1259, 1262 (1st Cir. 1991) ("affidavits shall be made on personal knowledge, [and] shall set forth such facts as would be admissible in evidence") (citations omitted).[5]

---

[4] The allegations in the Laird Affidavit also do not change the outcome of the analysis under the "purposeful availment" prong of the First Circuit's three-prong test. Indeed, Plaintiffs do not refute and therefore concede both that they fail to meet the "purposeful availment" prong of the analysis. Nor do Plaintiffs even attempt to argue that the "effects test" should apply to them. As Mr. Hillman established in his Opening Brief, his alleged involvement in the preparation of Bally's financial statements cannot satisfy the "effects test" (assuming that such a test is viable in the First Circuit). Bally's financial statements were filed publicly with the SEC for the investing public at large, and were not "expressly aimed" at Plaintiffs.

[5] Affidavits submitted in support of a motion to dismiss based on lack of *in personam* jurisdiction are subject to the same standards as affidavits submitted for summary judgment under Fed. R. Civ. P. 56(e). *American Express Int'l v. Mendez-Capellan*, 889 F.2d 1175, 1178 (1st Cir. 1989); *JMTR Enter., LLC v. Duchin*, 42 F. Supp.2d 87, 94 & n.4 (D. Mass. 1999).

8

Plaintiffs' claim that "Bally representatives" informed him that Hillman "visited [Plaintiffs'] clubs in Massachusetts" during one of his "frequent trips to Massachusetts" (Laird. Aff. ¶ 31) is classic hearsay because it is being offered to prove the truth of its assertion, that Hillman did "visit" Massachusetts and "tour" plaintiffs' clubs therein. Fed. R. Evid. 801(c). Allegations of hearsay in an affidavit are not "competent evidence as required under *Boit*" and are inadmissible. *Schaefer v. Cybergraphics Sys. Inc.*, 886 F. Supp. 921, 926 (D. Mass. 1994) (hearsay statements are not competent evidence); *see also Madsen v. Erwin*, 481 N.E.2d 1160, 1164 (1985) ("Hearsay in an affidavit is unacceptable to defeat summary judgment.").[6]

Even if the third-party statements in Mr. Laird's affidavit are not considered hearsay, they nonetheless may not be relied upon in this Court's determination because they are not based on the affiant's personal knowledge. *Sheinkopf,* 927 F.2d at 1262*; Milford Power Ltd. P'ship v. New England Power Co.*, 918 F. Supp. 471, 478 (D. Mass. 1996)  (courts may consider affidavits submitted in support of a motion to dismiss only if they are based on the personal knowledge of a competent affiant). Personal knowledge is "knowledge gained through firsthand observation or experience, as distinguished from a belief based on what someone else has said." *Black's Law Dictionary* 394 (8th Ed.). Significantly, Mr. Laird neglected to aver in his affidavit, as he must, that its contents are based on his personal knowledge. Rather, he specifically concedes that the sources for Plaintiffs' allegations that Hillman traveled to Massachusetts to visit and tour their clubs are "Bally representatives," including Messrs. Dolski, Massimino and Fanelli. Laird Aff. ¶ 31. Thus, Plaintiffs have failed to proffer evidence that Mr. Laird has personal knowledge that

---

[6] Furthermore, Plaintiffs' naming of three "Bally representatives" who informed Mr. Laird of Mr. Hillman's alleged journeys to Massachusetts does not, without more, exempt the statements from the hearsay rule pursuant to Federal Rule of Evidence 801(d)(2)(D) and thus Plaintiffs' conclusory assertions should not be relied upon by this Court. (Laird Aff. ¶ 31). Plaintiffs have offered no evidence that suggests the declarants were authorized to make these statements or that they were even in a position to know such facts. *See Gomez v. Rodriguez,* 344 F.3d 103, 116 (1st Cir. 2003) (reversing district court's admission of hearsay evidence, holding that the proponent of vicarious admission must proffer foundational evidence that an agency relationship existed and that declarant's statements concern matters within the scope of her agency or employment); *Sabel v. Mead Johnson,* 737 F. Supp. 135, 138 (D. Mass.. 1990) (refusing to admit hearsay under Fed. R. of Evid. 801(d)(2)(D) where plaintiff failed to make foundational showing that declarant "possessed the power to act on defendant's behalf").

Mr. Hillman visited and toured the fitness clubs in Massachusetts. *See Barret v. Lombardi*, 239 F.3d 23, 27 (1st Cir. 2001) (to defeat a motion to dismiss for lack of personal jurisdiction, plaintiff may not surmise the existence of a favorable factual scenario; they must verify the facts alleged through "materials of evidentiary quality"). Mr. Laird's unsupported allegations are not competent evidence; they should be stricken and not considered by this Court.

In contrast, Mr. Hillman's affidavit, in which he states that he has never visited the Plaintiffs' clubs, is based on personal knowledge. Plaintiffs' cannot meet their burden of establishing a prima facie showing of personal jurisdiction by countering competent evidence submitted by Mr. Hillman with an offering of hearsay and belief not based on personal knowledge. *Madsen v. Erwin*, 481 N.E.2d 1160, 1163-64 (Sup. Jud. Ct. 1985) (plaintiffs were unable to create a genuine of issue of fact where defendants' affidavits gave rise to reasonable inferences that plaintiff was an employee and plaintiff's counter-affidavits "failed to allege facts made on personal knowledge" that [she] was not an employee); *Garside v Osco Drug, Inc.,* 895 F.2d 46, 49-50 (1st Cir. 1990) (stating that the standard for a court's reliance on interrogatory answers is analogous to that for affidavits, holding that a court may not accord any "probative force" to allegations which are not based upon personal knowledge or which are based upon "rank hearsay").

## POINT II

## PLAINTIFFS' REQUEST FOR JURISDICTIONAL DISCOVERY SHOULD BE DENIED

Plaintiffs also request that if this Court finds Plaintiffs' evidentiary proffer insufficient, the Court should stay its ruling and grant Plaintiffs leave to take discovery on jurisdictional issues. Mr. Hillman respectfully requests that this court deny Plaintiffs' request. Plaintiffs have been aware that Mr. Hillman, Mr. Dwyer and Mr. Toback were planning to move to dismiss for lack of personal jurisdiction since at least the July 13, 2005 status conference, when some of the defendants in this action, including Mr. Hillman, indicated that they planned to move to dismiss on personal jurisdiction grounds. The Joint Scheduling Order signed by this Court on August 16,

2005 specifically contemplated the filing of motions to dismiss on the basis of lack of personal jurisdiction, yet the Plaintiffs waited six months to seek discovery pertinent to such a motion. Plaintiffs' delay in seeking such discovery makes denial of their request for leave to take jurisdictional discovery appropriate. *See U.S. v. Swiss American Bank, Ltd.*, 274 F.3d 610, 625 (1st Cir. 2001) (noting that only a timely and properly supported request for jurisdictional discovery merits the attention of the Court).

      Moreover, Plaintiffs have failed to demonstrate that any set of circumstances exists under which this court would have personal jurisdiction over Mr. Hillman. As demonstrated above, even if Plaintiffs could establish the truth of every allegation in the Laird Affidavit (and they cannot), Plaintiffs still could not make a prima facie showing that this court has jurisdiction over Mr. Hillman. It is appropriate to deny leave to take jurisdictional discovery where, as here, plaintiffs have not been diligent and have failed to establish a colorable case for *in personam* jurisdiction. *See Swiss American Bank*, 274 F.3d at 626 (upholding the district court's denial of leave to take jurisdictional discovery because denial was not plainly wrong and an abuse of discretion); *see also The Gentle Wind Project v. Garvey*, 2005 WL 40064 at *11 (D. Me. Jan. 10, 2005) (denying jurisdictional discovery where the "only evidence before the court on this point suggest that any attempt by plaintiffs to discover a factual basis for personal jurisdiction would be unsuccessful.").

## **CONCLUSION**

For the foregoing reasons, Mr. Hillman respectfully requests that the Court dismiss the complaint against him and deny Plaintiffs' request for leave to take discovery on jurisdictional issues.

Dated: February 7, 2005

By: /s/ Robert S. Messinger

CADWALADER, WICKERSHAM & TAFT LLP
Gregory A. Markel (admitted pro hac vice)
Gregory G. Ballard (admitted pro hac vice)
Kathryn F. Shreeves (admitted pro hac vice)
One World Financial Center
New York, New York 10281
(212) 504-6000

GELB & GELB LLP
Richard M. Gelb (BBO #188240)
Robert S. Messinger (BBO #651396)
20 Custom House Street
Boston, Massachusetts 02110
617-345-0010

Attorneys for Defendant Lee S. Hillman

CERTIFICATE OF SERVICE

    I hereby certify that a copy of Lee. S. Hillman's Reply Memorandum of Law in Further Support of His Motion to Dismiss for Lack of Personal Jurisdiction was served by mail on February 7, 2006 upon the attorney of record for each party having appeared in this case.

                                                                                    _____
                                                                                    Robert S. Messinger