IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIT TECH, INC., PLANET FITNESS CENTER, INC., PLANET FITNESS CENTER OF MAINE, INC., PLANET FITNESS CENTER OF DARTMOUTH, INC., PLANET FITNESS CENTER OF SALEM, INC., PLANET FITNESS CENTER OF BRIGHTON, INC., STRATFORD FITNESS CENTER, INC., DAVID B. LAIRD, and SCOTT G. BAKER.<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>BALLY TOTAL FITNESS HOLDING CORPORATION, HOLIDAY UNIVERSAL, INC., PAUL TOBACK, LEE HILLMAN, and JOHN DWYER.<br><br>　　　　　　　Defendants. | C.A. 05-10471-MEL<br><br>Judge Morris E. Lasker |

## DEFENDANT JOHN W. DWYER'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IN OPPOSITION TO PLAINTIFFS' CROSS MOTION FOR JURISDICTIONAL DISCOVERY

Defendant John W. Dwyer respectfully submits this reply memorandum in support of his motion to dismiss him from Plaintiffs' First Amended Complaint on grounds that personal jurisdiction over him is lacking under both Massachusetts state law and federal due process.

### INTRODUCTION

Plaintiffs' perfunctory attempt at challenging Mr. Dwyer's motion to dismiss fails to meet their burden to establish both that the requirements of the Massachusetts' long-arm statute are satisfied and that Mr. Dwyer has sufficient minimum contacts with Massachusetts consistent with federal due process. Only two short paragraphs in Plaintiffs' memorandum of law are

-2-

devoted to Mr. Dwyer.  Moreover, Plaintiff Laird's fifteen-page affidavit purporting to lay out jurisdictional facts against each defendant contains just three paragraphs concerning Mr. Dwyer, and not a single one of the exhibits to that affidavit refers to Mr. Dwyer.  The sole basis upon which Plaintiffs argue that personal jurisdiction exists as to Mr. Dwyer is that Mr. Dwyer signed Bally's financial statements and SEC filings.  As shown below, however, that fact fails to establish personal jurisdiction over Mr. Dwyer in Massachusetts.  In addition, Plaintiffs have also filed a belated motion to conduct jurisdictional discovery.  This Court should deny that motion as Plaintiffs have failed to offer even a colorable claim of personal jurisdiction.[1]

## ARGUMENT

**I.      Section 3(c) of the Long-Arm Statute Does Not Establish Personal Jurisdiction Over Mr. Dwyer.**

Plaintiffs contend that the Massachusetts long-arm statute authorizes personal jurisdiction over Mr. Dwyer under a line of cases beginning with *Murphy v. Erwin-Wasey, Inc.*, 460 F.2d 661 (1st Cir. 1972).  (Pl. Opp. Br. at 3.)  *Murphy* and its progeny, however, address § 3(c) of the long-arm statute, *Murphy*, 460 F.2d at 664, and Plaintiffs make no attempt to advance an argument under any of the other provisions of the statute – for example, that Mr. Dwyer "transacted business" in Massachusetts for the purposes of § 3(a), Mass. Gen. Laws. ch. 223A. By relying solely on § 3(c) of the long-arm statute, Plaintiffs concede that the remaining statutory bases for long-arm jurisdiction are not applicable here, and Plaintiffs have waived any argument that any of the provisions under § 3 other than subsection (c) permit the exercise of jurisdiction over Mr. Dwyer.  *See, e.g.*, *Util. Workers, Local 369 v. NSTAR Elec. & Gas Corp.*,

---

[1] Pursuant to the scheduling order set by this Court, Mr. Dwyer reserves his non-jurisdictional grounds for dismissal for future briefing, if necessary.  Additionally, for the sake of judicial economy, Mr. Dwyer joins in the arguments set forth in the jurisdictional motion to dismiss briefing filed on behalf of Lee Hillman.

317 F. Supp. 2d 69, 75 n.4 (D. Mass. 2004) (noting that arguments not developed in a memorandum of law are waived).

Although Plaintiffs argue that Mr. Dwyer's conduct falls within the *Murphy* line of cases addressing § 3(c), their argument and reliance on § 3(c) is unavailing because the case law interpreting that section requires that a defendant either send, or direct another to send on his behalf, communications into Massachusetts – something that Plaintiffs do not allege that Mr. Dwyer did. *Murphy* interprets § 3(c) so as to authorize jurisdiction when "a defendant knowingly *sends* into [Massachusetts] a false statement, intending that it should be there relied upon to the injury of a [Massachusetts] resident." *Murphy*, 460 F.2d at 664 (emphasis added). Even the cases that Plaintiffs themselves cite demonstrate that § 3(c) can be satisfied only if the defendant actually sends the communications at issue into Massachusetts, or directs another to do so on his behalf. (Pl. Opp. Br. at 3, citing *The Ealing Corp. v. Harrods Ltd.*, 790 F.2d 978, 981-82 (1st Cir. 1986) (telex sent by defendant's agent); *Whittaker Corp. v. United Aircraft Corp.*, 482 F.2d 1079, 1082 (1st Cir. 1973) (numerous telephone calls and personal visits by defendant's agents); *JMTR Enters., LLC v. Duchin*, 42 F. Supp. 2d 87, 97, 99 (D. Mass. 1999) (telephone calls by defendants' agents); *Burtner v. Burnham*, 13 Mass. App. 158, 163 (1982) (telephone calls and mailing by defendants).) Moreover, even where a corporation may be subject to personal jurisdiction because some of its agents sent allegedly fraudulent communications in Massachusetts, § 3(c) is not satisfied with respect to a corporate officer unless that officer either sent the communications or else directed that the communications be sent. *Cf. Interface Group-Massachusetts, LLC v. Rosen*, 256 F. Supp. 2d 103, 105 (D. Mass. 2003) ("It is well established that jurisdiction over a corporate officer may not be based on jurisdiction over the corporation itself.").

Here, *Murphy* is of no use to Plaintiffs in establishing that the long-arm statute is satisfied because Mr. Dwyer neither sent, nor directed anyone else to send, any communications into Massachusetts. (Dwyer Decl. ¶ 10.) The only communications that Plaintiffs claim satisfy the requirements of § 3(c) as to Mr. Dwyer are the Asset Purchase Agreement and other closing documents that "were…sent" to them in Massachusetts. (Pl. Opp. Br. at 6-7.) But Mr. Dwyer is not a party to that agreement, nor was he involved in negotiating or executing it. (Dwyer Decl. at 8.) The only "false" statements that Plaintiffs argue Mr. Dwyer allegedly made were in the financial statements and filings that were sent by Bally to the SEC in Washington, D.C., and then made available to the investing public at large – they were *not* sent anywhere by Mr. Dwyer, nor were they directed into Massachusetts.

In short, Plaintiffs cannot satisfy § 3(c) because they do not even claim that Mr. Dwyer directed any false statement into Massachusetts. Because Plaintiffs fail to demonstrate any statutory basis for personal jurisdiction over Mr. Dwyer, Mr. Dwyer's motion to dismiss should be granted.

**II.     Plaintiffs Fail to Satisfy the Due Process Analysis Required by the First Circuit to Exercise Personal Jurisdiction Over Mr. Dwyer.**

Plaintiffs summarily contend that personal jurisdiction over Mr. Dwyer comports with the Due Process Clause, but they fail to engage in the analytical framework that the First Circuit has developed, which examines "relatedness," "purposeful availment," and "reasonableness." *See generally Sawtelle v. Farrell*, 70 F.3d 1381, 1389 (1st Cir. 1995). They also make no attempt to rebut the analysis in Mr. Dwyer's memorandum in support of his motion to dismiss that demonstrated that exercising personal jurisdiction over Mr. Dwyer would not be consistent with due process because he does not have the necessary minimum contacts with Massachusetts. (Dwyer's Mem. at 10-17.) Instead, Plaintiffs imply that mere allegations of in-forum effects of

out-of-forum conduct are sufficient to satisfy due process, but such an argument ignores First Circuit case law to the contrary. *See United States v. Swiss Am. Bank., Ltd.*, 274 F.3d 610, 623 (1st Cir. 2001) (holding that allegations of in-forum effects are insufficient to establish personal jurisdiction absent contacts satisfying the "relatedness" requirement). Plaintiffs' failure to engage in the constitutional analysis suggests that Plaintiffs tacitly concede that they cannot satisfy their burden using the analytical framework that the First Circuit mandates.

**III.    The Ruling in *Garrison* Fails to Provide Any Support To Plaintiffs' Argument.**

Plaintiffs cite *Garrison v. Bally Total Fitness Holding Corp.*, Civ. No. 04-1331-PK, 2005 WL 3143105 (D. Or. Nov. 23, 2005), in support of their assertion of personal jurisdiction. In that case, the plaintiffs alleged that they sold their fitness clubs to Bally in exchange for artificially inflated Bally stock. *Id.* at *1. Even though that court concluded that it could exercise personal jurisdiction over Mr. Dwyer, *Garrison* is inapplicable here for three reasons. First, the Oregon long-arm statute in *Garrison* applied to the full limits allowed by the Due Process Clause, so no statutory analysis was required. *Id.* at *2. Massachusetts courts, on the other hand, have held that a plaintiff must satisfy the "literal" requirements of the long-arm statute in addition to the requirements of the Due Process Clause. *Intech, Inc. v. Triple "C" Marine Salvage, Inc.*, 444 Mass. 122, 125 (2005). Second, the constitutional analysis in *Garrison* applied Ninth Circuit case law, which is a different standard than the First Circuit's. A plaintiff in the Ninth Circuit can satisfy the "relatedness" prong of the due process inquiry by showing that the defendant's in-forum contacts were the "but for" cause of the plaintiff's injury. *E.g. Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995). The First Circuit has, however, specifically rejected the Ninth Circuit's "but for" approach in favor of the more stringent proximate cause approach. *See Nowak v. Tak How Invs.*, 94 F.3d 708, 714-15 (1st Cir. 1996)

(contrasting the approach of the First Circuit with that of the Ninth Circuit). Because not all "but for" causes are proximate causes, the First Circuit would not permit some exercises of personal jurisdiction that the Ninth Circuit might allow. Third, a critical fact was present in *Garrison* that is simply not present here – the magistrate concluded that personal jurisdiction was applicable because of Mr. Dwyer's "*signing* of the [Purchase] Agreement" in which Bally warranted that all of its SEC filings were accurate. Findings and Recommendations at 25, Civ. No. 04-1331-PK, *adopted by Garrison*, 2005 WL 3143105 at * 3 (emphasis added).[2] Thus, the one fact that was dispositive in *Garrison* is not present here – no one disputes that Mr. Dwyer did not sign the Asset Purchase Agreement related to Fit Tech. (Compl. ¶ 64.)

Despite the relaxed standard for personal jurisdiction in the Ninth Circuit, the court in *Garrison* freely acknowledged that it was a "close" question whether the court could in fact exercise personal jurisdiction over Mr. Dwyer. *Garrison*, 2005 WL 3143105 at *2. If it was a "close" question in *Garrison* whether signing a Purchase Agreement expressly warranting the accuracy of SEC filings was sufficient to establish personal jurisdiction under the relaxed "but for" test in the Ninth Circuit, *Garrison* clearly would not support personal jurisdiction in this First Circuit case where Mr. Dwyer indisputably did not sign the operative document. Accordingly, the applicable law and the facts in this case compel a finding that personal jurisdiction is lacking.

### IV.     Jurisdictional Discovery Is Untimely and Unnecessary.

Plaintiffs' cross-motion for jurisdictional discovery on Mr. Dwyer's contacts with Massachusetts is unwarranted. A plaintiff seeking jurisdictional discovery must show (1) that the plaintiff can present at least a colorable claim for personal jurisdiction, and (2) that the

---

[2] The full text of the Findings and Recommendations is set forth as Exhibit A to Defendant Lee Hillman's Reply Memorandum of Law in Further Support of His Motion to Dismiss for Lack of Personal Jurisdiction.

plaintiff has been diligent. *Swiss Am. Bank*, 274 F.3d at 625. Even if a plaintiff can satisfy both of these showings, a court still has "broad discretion in determining whether to grant jurisdictional discovery." *Id.* at 626.

Here, Plaintiffs have not presented even a colorable claim of personal jurisdiction as to Mr. Dwyer. Plaintiffs state that discovery can reasonably be expected to provide "further evidence of Dwyer's role in directing the negotiations" and the reasons for his limited trips into the state (Pl. Opp. Br. at 8-9), but there are no allegations, in the Complaint or Laird's Affidavit, that Mr. Dwyer had any role in "directing the negotiations." Further, Mr. Dwyer provided the explanation for his limited trips into Massachusetts in his affidavit – the trips were for business reasons on behalf of Bally and completely unrelated to the transaction at issue here. (Dwyer Decl. ¶¶ 5, 9-10.) Taking discovery on these points – after all the briefing on the motion has been completed – would serve no useful purpose. Accordingly, this Court should exercise its discretion and deny Plaintiffs' motion for jurisdictional discovery.

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiffs' motion for jurisdictional discovery and grant Mr. Dwyer's motion to dismiss for lack of personal jurisdiction.

    Respectfully submitted,

    JOHN W. DWYER,

    By: /s/ Robert S. Messinger

    Howard S. Suskin *(admitted pro hac vice)*
    JENNER & BLOCK LLP
    One IBM Plaza
    Chicago, IL 60611
    Tel:   (312) 923-2604
    Fax:  (312) 840-7604
    E-mail:  hsuskin@jenner.com

-8-

        Richard M. Gelb (BBO # 188240)
        Robert S. Messinger (BBO #651396)
        GELB & GELB LLP
        20 Custom House Street
        Boston, MA  02110
        Tel:    (617) 345-0010
        Fax:    (617) 345-0009
        Email: rgelb@gelbgelb.com

Dated:  February 7, 2006

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the above document was served by mail on this 7th day of February, 2006 upon the attorney of record for each party having appeared in this case.

/s/ Robert S. Messinger, Esquire