UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIT TECH, INC., PLANET FITNESS CENTER, INC., PLANET FITNESS CENTER OF MAINE, INC., PLANET FITNESS CENTER OF DARTMOUTH, INC., PLANET FITNESS CENTER OF SALEM, INC., PLANET FITNESS CENTER OF BRIGHTON, INC., STRATFORD FITNESS CENTER, INC., DAVID B. LAIRD and SCOTT G. BAKER,<br>　　　　Plaintiffs,<br><br>vs.<br><br>BALLY TOTAL FITNESS HOLDING CORPORATION, HOLIDAY UNIVERSAL, INC., PAUL TOBACK, LEE HILLMAN, and JOHN DWYER,<br>　　　　Defendants. | Civil Action No. 05-10471-MEL |

## (PROPOSED) JOINT SCHEDULING ORDER

In accordance with the Joint Scheduling Order dated August 16, 2005, and following a letter to the Court dated January 31, 2006 from Stephen W. Rider, counsel for the Plaintiffs Fit Tech, Inc. et al.,[1] in which Plaintiffs informed the Court that they would not be amending their First Amended Complaint and Jury Demand filed May 13, 2005, ("2005 Action"), the Plaintiffs and Defendants Bally Total Fitness Holding Corporation, Holiday Universal, Inc., Paul Toback, Lee Hillman and John Dwyer (collectively,

---

[1] Plaintiffs include Fit Tech, Inc., Planet Fitness Center, Inc., Planet Fitness Center of Maine, Inc., Planet Fitness Center of Dartmouth, Inc., Planet Fitness Center of Salem, Inc., Planet Fitness Center of Brighton, Inc., Stratford Fitness Center, Inc., David B. Laird and Scott G. Baker.

"Defendants") respectfully submit this proposed Joint Scheduling Order for continued proceedings in this matter.

The August 16, 2005 Scheduling Order provided that the Defendants would file motions to dismiss on grounds other than personal jurisdiction within 60 days of the filing of an Amended Complaint. Given that Plaintiffs have elected not to amend the 2005 Action, the parties in this case have agreed on a modified schedule concerning motions to dismiss.[2]

The individual defendants, Toback, Hillman and Dwyer, have already filed motions to dismiss the claims based on lack of personal jurisdiction. These motions have been fully briefed and the Court heard oral argument on the motions on March 9, 2006 and the Court has those motions under advisement.[3] Accordingly, the parties now jointly propose the following modification to the schedule contained in the August 16, 2005 Joint Scheduling Order for motions to dismiss, raising other procedural and substantive deficiencies in the First Amended Complaint.

- Defendants' motions to dismiss will be due 60 days after the Court's rulings on the motions to dismiss on the basis of lack of personal jurisdiction.

- Plaintiffs' oppositions to motions to dismiss will be due 60 days after the motions to dismiss are filed.

- Defendants' replies to oppositions will be due 30 days after oppositions are filed.

---

[2] Defendants reserve all their arguments for dismissal, including, without limitation, that the Plaintiffs' filing of this action was procedurally improper due to the existence of the prior-pending, related action, Fit Tech, Inc. et al v. Bally Total Fitness et al, 2003-10295-MEL ("the 2003 Action").

[3] The parties understand that under Fed. R. Civ. P. 12(g), all grounds for dismissal would ordinarily be submitted in a single document. In light of the circumstances of this case, the parties requested, and this Court approved and ordered in the August 16, 2006 Joint Scheduling Order, a schedule permitting the briefing of personal jurisdiction arguments in advance of briefing on additional grounds for dismissal.

2

Finally, the parties propose that, following motion practice and the Court's ruling on all motions to dismiss, to the extent that there remain any claims in the First Amended Complaint or any subsequent amendment, the Court hold a scheduling conference to consider the various parties' positions on consolidation of some or all of the remaining claims with the 2003 Action and to set a discovery schedule for all remaining claims.[4]

---

[4] In their opposition to the individual Defendants' motions to dismiss on personal jurisdiction grounds, Plaintiffs requested the opportunity to take discovery on jurisdictional matters in the event the Court determines that the record is insufficient to deny those motions. Defendants have opposed that request. Plaintiffs do not, by agreeing to this joint proposal, in any manner waive or compromise that pending request for discovery on jurisdictional matters.

Respectfully submitted,

| | |
|---|---|
| Plaintiffs,<br>FIT TECH, INC., et al.<br>By their attorneys, | Defendants,<br>BALLY TOTAL FITNESS<br>HOLDING CORPORATION and<br>HOLIDAY UNIVERSAL, INC., and<br>PAUL TOBACK,<br>By their attorneys, |
| /s/ Stephen W. Rider<br>Stephen W. Rider<br>stephen.rider@swrpc.com<br>Stephen W. Rider P.C.<br>350 Lincoln Place Ste 2400<br>Hingham, MA 02043<br>(781) 740-1289 | /s/ Matthew J. Fogelman<br>Howard M. Cooper (BBO #543842)<br>hcooper@toddweld.com<br>Juliet A. Davison (BBO #562289)<br>jdavison@toddweld.com<br>Heidi A. Nadel (BBO #641617)<br>hnadel@toddweld.com<br>Matthew J. Fogelman (BBO #653916)<br>mfogelman@toddweld.com<br>Todd & Weld LLP<br>28 State Street, 31st Floor<br>Boston, MA 02109<br>(617) 720-2626 |

LEE HILLMAN and JOHN DWYER,
By their attorneys,

/s/ Richard M. Gelb
Richard M. Gelb (BBO #188240)
rgelb@gelbgelb.com
Robert S. Messinger (BBO #651396)
rmessinger@gelbgelb.com
Gelb & Gelb LLP
617-345-0010
20 Custom House Street
Boston MA 02110

Dated: March 10, 2006

So Ordered:    _____
                Lasker, J.
                United States District Court

5

## CERTIFICATE OF SERVICE

      I, Matthew J. Fogelman, hereby certify that this document has been filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Date:  March 10, 2006                              /s/     Matthew J. Fogelman